*E-Filed 06/15/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANNA VERTKIN,

        Plaintiff,

  v.

JUDGE ALAN JAROSLKOVSKY, et al.,

        Defendants.
_____/

No. C 10-01359 RS

**ORDER DENYING MOTION TO WITHDRAW REFERENCE**

## I. INTRODUCTION

At issue is plaintiff Anna Vertkin's motion to withdraw the reference to the bankruptcy court in an on-going bankruptcy matter. Because this motion is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the hearing scheduled for **June 17, 2010** at 1:30 p.m. is **vacated**. After considering all papers and supporting declarations filed by the parties and the entire record herein, it is clear that this case is appropriately before the bankruptcy court in this district. Accordingly, plaintiff's motion must be denied. Ms. Vertkin has also filed motions to strike and for sanctions. In light of the disposition of the withdrawal motion, these two motions are denied as moot.

## II. LEGAL FRAMEWORK

Federal district courts have original jurisdiction over Title 11 bankruptcy matters.  28 U.S.C. § 1334(a).  Bankruptcy judges, however, have the statutory authority to hear and determine "all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11, referred [by the district court], and may enter appropriate orders and judgments . . . ."  28 U.S.C. § 157(b)(1).  *See also In re Cinematronics, Inc.*, 916 F.2d 1444, 1449-50 (9th Cir. 1990).  "In general, a 'core proceeding' in bankruptcy is one that 'invokes a substantive right provided by title 11 or . . . [is] a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'"  *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) (*citing In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)).  Non-core proceedings are those that are "not integral to the restructuring of debtor-creditor relations and [do] not involve[] a cause of action arising under title 11."  *Id.*

As Ms. Vertkin points out, 28 U.S.C. §157(d) provides a mechanism under which a bankruptcy matter can be transferred back to the district court.  Such a transfer occurs where the district court "withdraws" its reference.  A litigant, like Vertkin, may move for such a withdrawal or the district court may do so on its own motion.  28 U.S.C. § 157(d).  In either case, a reference is withdrawn only in "the exercise of the district court's discretion 'for cause shown.'"  *Security Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).  When determining whether "cause" exists, the district court considers the "efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Id.*  Moreover, the party seeking withdrawal carries the burden of persuasion.  *See, e.g.*, *In re Homeland Stores, Inc.*, 204 B.R. 427, 430 (D. Del. 1997).

III. DISCUSSION

Here, it seems that Ms. Vertkin filed for Chapter 7 bankruptcy on October 16, 2008.  She has unsuccessfully attempted to withdraw the reference in this case on one other occasion.  Apparently, Ms. Vertkin filed the allegations that undergird the instant withdrawal motion on February 22, 2010.  On April 7, 2010, Judge Newsome made a finding that these new allegations, in their entirety, constituted "core" matters within the overarching 2008 bankruptcy action.

No. C 10-01359 RS
Order

2

Consideration of the *Security Farms* factors reflects that withdrawal of the reference would be ill-advised and inappropriate here. Withdrawal would add unnecessary and burdensome delay for all parties and would undermine the uniform administration of bankruptcy proceedings. As the case commenced several years ago before a bankruptcy judge, transfer would also entail some duplication or even waste of judicial resources. Accordingly, plaintiff's motion for withdrawal of the reference must be denied and the pending motion to strike and motion for sanctions are denied as moot. This Order does not affect the related case, No. C 10-0775 RS, and defendant Wells Fargo's motion to dismiss filed in that case (and any opposition thereto) will be duly considered.

IT IS SO ORDERED.

Dated: 06/15/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE